**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2357
_____

DAVID FRANK CAMPEAU, JR., a natural born man and Citizen of the United States of
America; CHRISTIN CAMPEAU, a natural born woman and Citizen of the Federal
Republic of Germany, Appellants

v.

EDWARD SANDERCOCK, Prothonotary of the Court of Common Pleas of Wayne
County of the Commonwealth of Pennsylvania; KATHLEEN BAUSMAN, Field Office
Director of the United States Customs and Immigration Services, Philadelphia Field
Office
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:21-cv-00280)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 28, 2022
Before:  GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellants David Frank Campeau and Christin Campeau appeal from the District Court's judgment dismissing their complaint. For the reasons that follow, we will affirm.

The appellants state that, in 2014, they exchanged marriage vows at a ceremony and later signed a self-generated "Certificate of Marriage" before witnesses. When appellant David Campeau tried to record the "Certificate of Marriage" with the Wayne County Prothonotary's Office in late 2015, employees of that office told Campeau that the document could not be recorded because Campeau had not first obtained a marriage license in accordance with Pennsylvania law. Campeau sued Prothonotary Sandercock in state court, alleging that Pennsylvania's marriage law was unconstitutional. The lawsuit was unsuccessful, as was Campeau's subsequent appeal to the Pennsylvania Supreme Court. The United States Supreme Court denied a petition for writ of certiorari in 2018.

In the meantime, Christin Campeau, who is apparently a German citizen, filed a Form I-485 to apply for permanent residence or adjust status with the United States Customs and Immigration Service (USCIS). The USCIS denied the application in April 2016 because the appellants had not entered a legally valid marriage. When she sought review of that ruling, the USCIS issued a decision on February 15, 2019, affirming that appellants had not entered a legally valid marriage under the laws of Pennsylvania. In the decision, the USCIS explained that David Campeau's unsuccessful litigation regarding the validity of the marriage was further explanation why Christin had not established eligibility for adjustment of status. The appellants filed a complaint in federal district court against Prothonotary Sandercock and USCIS Field Office Director Bausman,

2

alleging violations of the appellants' rights under the U.S. Constitution. A Magistrate Judge recommended granting Sandercock's motion to dismiss the complaint on statute of limitations grounds. The appellants filed objections and Bausman filed a motion to dismiss. The District Court dismissed the complaint against the appellees in an order entered on May 18, 2021, and denied Bausman's motion to dismiss as moot. After the District Court denied the appellants' motion for reconsideration, the appellants filed this timely appeal of the May 18 order.

On appeal, the appellants concede that the two-year statute of limitations for personal injury actions in Pennsylvania bars their claims against Sandercock, and that the District Court properly dismissed their claims asserted against him. However, they argue that their claims against Bausman should have survived dismissal. Assuming arguendo that the claims against Bausman are not time-barred, we will affirm because the complaint fails to state a claim against her.[1]

In their complaint, the appellants alleged that their rights under the Fifth, Ninth, and Fourteenth Amendments were violated when Bausman upheld the USCIS's denial of Christin Campeau's Form 1-495.[2] First, the appellants argued that Bausman infringed on

---

[1] Our review is plenary, see Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011), and we may affirm the District Court's judgment "on any basis supported by the record." Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

[2] The appellants brought their lawsuit under 42 U.S.C. § 1983, which, by its own terms, authorizes suits against state and local officers; it does not provide a cause of action against federal actors. See id.; Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (to state a claim under § 1983, a party must allege deprivation of a federal constitutional or statutory right by a state actor). For that reason, dismissal of the claims asserted against Bausman under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction

3

their rights to due process and equal protection under the Fifth and Fourteenth Amendments, see ECF No. 1 at 27-29, when she concluded that the appellants had not established that they had a legally valid marriage under Pennsylvania law.[3] To state a claim for a violation of substantive due process rights, the appellants needed to allege that Bausman infringed on a fundamental liberty interest without narrowly tailoring the infringement to serve a compelling state interest. See Reno v. Flores, 507 U.S. 292, 301-02 (1993). Some of the liberty interests that the appellants identified qualify as fundamental rights, see Obergefell v. Hodges, 576 U.S. 644, 664 (2015) (right to marry is a fundamental right), and Troxel v. Granville, 530 U.S. 57, 66 (2000) (parents' interest in care, custody, and control of their children is fundamental liberty interest). State laws requiring a marriage license do not violate these rights, as has been made plain to David Campeau in his litigation before. See, e.g., Campeau v. Sandercock, No. 597 M.D. 2015

---

would have also been appropriate. However, the appellants asked that we vacate and remand to allow them to amend their complaint to bring a lawsuit pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Bausman. But that amendment would be futile because, as we explain, the appellants have failed to state a claim upon which relief may be granted, regardless of what cause of action it is packaged in.

[3] We consider the appellants' due process and equal protection claims against Bausman under the Fifth Amendment because she is a federal official. Cf. Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983) (noting that the Fifth Amendment restricts federal government action). Practically speaking, Fifth and Fourteenth Amendment claims use the same analytical rubric. That is, while the Fifth Amendment contains no Equal Protection Clause, we have construed the Fifth Amendment to contain a guarantee of equal protection from that Amendment's prohibition of federal government discriminatory action "so unjustifiable as to be violative of due process." Abdul-Akbar v. McKelvie, 239 F.3d 307, 316 (3d Cir. 2001) (en banc) (internal quotation marks and citation omitted).

4

at 6-7 (Pa. Commw. Ct. Aug. 15. 2016).  Additionally, it is well settled that, in accordance with Congress's plenary authority to set immigration requirements for aliens to enter the United States, a citizen does not have a Constitutional right to have an alien spouse reside in the United States, see Bakran v. Sec'y, United States Dept. of Homeland Sec., 894 F.3d 557, 565 (3d Cir. 2018).  The fact that the appellants have children together does not change our analysis.  See Morales-Izquierdo v. Dept. of Homeland Sec., 600 F.3d 1076, 1091 (9th Cir. 2010), abrogated in part on other grounds by Garfias-Rodriguez v. Holder, 702 F.3d 504 (9th Cir. 2012) (en banc).

We also discern no violation of the appellants' rights to equal protection.  In order to state an equal protection claim for members of a non-suspect class, the appellants needed to "allege[] that [they have] been intentionally treated differently from other similarly situated and that there is no rational basis for the difference in treatment."  Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); see also Arca-Pineda v. Att'y Gen., 527 F.3d 101, 105 (3d Cir. 2008) ("disparate treatment of different groups of aliens triggers only rational basis review under equal protection doctrine") (citation omitted).  The appellants argued that the USCIS routinely grants adjustment of status to aliens who have married under the laws of Pennsylvania.  But they are not similarly situated to such aliens because the appellants were *not* married under the laws of Pennsylvania—which is why the USCIS denied their Form I-485 application.  So their equal protection argument fails.[4]

---

[4] We have considered the remaining arguments in the complaint and are satisfied that none states a claim.

Accordingly, we will affirm the judgment of the District Court.